# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

PHILLIP E. BARNARD, JR.,

    Debtor.

Case No. 05-12490-RGM
(Chapter 7)

## MEMORANDUM OPINION

THIS CASE is before the court on the debtor's motion for a stay pending appeal. One of the tests necessary to be satisfied in order to qualify for a stay pending appeal is that there must be some degree of likelihood of success on appeal. In this case, the likelihood of success on appeal is remote.

Phillip E. Barnard, Jr., filed a voluntary petition in bankruptcy on November 18, 2004, Case No. 04-14759-SSM. That case was dismissed on April 26, 2005 with prejudice to re-filing a case within 180 days after the date of dismissal. The 180 days expired on October 3, 2005. The debtor, however, ignored the order of this court and filed a second petition, the petition in this case, on June 29, 2005. Chi Chiu filed a motion to dismiss based on the order entered in the prior case. Chi Chiu is listed as a creditor by the debtor in this case with an unsecured claim in excess of $51,000.00. The total amount of claims scheduled by the debtor exceeds $56,000.00. The matter came on for a hearing. The court gave effect to the order entered in the prior case and dismissed this case. However, because the debtor had improperly benefitted from the automatic stay for a period of time, the court extended the 180 day period applicable to the prior case for the amount of time that this case was pending and during which the debtor improperly obtained the benefit of the automatic stay. The extension of the period runs to January 2, 2006.

The debtor has presented no reason why the prior order is void and has not sought in that

case to modify or amend the prior order. It is, consequently, a valid order and the debtor filed a petition in bankruptcy in this court when he ought not have done so. The court enforced the prior order without imposing any additional prejudice on the debtor but assuring that the prejudice previously ordered would be given full force and effect.

Under these circumstances, it does not appear that the debtor is likely to succeed on his appeal and a stay pending appeal is inappropriate.

Alexandria, Virginia
October 26, 2005

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy mailed to:

Philip E. Barnard, Jr.
P. O. Box 9861
McLean, Virginia 22102

Copy electronically to:

Robert O. Tyler

12489